## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JANICE SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | **1:20-cv-4420-TWT** |
| **THE CHARTER OAK FIRE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE RULE 1746 DECLARATION OF BRUCE FREDRICS [Doc. 63-5]

COMES NOW, The Charter Oak Fire Insurance Company ("Charter Oak"), Defendant in the above-styled action, and submits this Motion to Strike Rule 1746 Declaration of Bruce Fredrics as improper evidence to consider at summary judgment, showing as follows:

### INTRODUCTION

Plaintiff attaches a 15-page "Expert Report" of Bruce Fredrics to her response to Charter Oak's Motion for Summary Judgment. [Doc. 63-5, hereafter referred to as the "Fredrics Declaration"]. In his extensive report, Mr. Fredrics

1

repeatedly refers to himself as an "expert" in the insurance industry, attempts to give opinions regarding the proper method of claims handling, the amount of damages, and whether Charter Oak acted in "bad faith" in its handling of Plaintiff's claim.

Plaintiff did not disclose Mr. Fredrics as an expert during discovery in violation of both Local Rule 26.2(c) and Fed. R. Civ. P. 26(a)(2). Notably, counsel for Charter Oak specifically reminded counsel for Plaintiff on multiple occasions that if Mr. Fredrics were to be named as an expert, the disclosure requirements of Fed. R. Civ. P. 26(a)(2) must be followed. For example, during Plaintiff's deposition, counsel exchanged the following remarks:

> MS. KARABINOS (counsel for Charter Oak):     You know, Ralph, as we addressed in e-mails yesterday, if you're going to have somebody identified as an expert and that expert that's going to present that at trial, that person needs to be identified and reports submitted, along with the other information that's required under the Rule 26(a)(2)(B). And that needs to be done before the end of discovery and in time for me to depose them should you identify them.
> MR. VILLANI (counsel for Plaintiff):     Will do.

[Doc. 65-3, pg. 186, lines 16-25]. In Plaintiff's Rule 26 disclosures, she identifies Mr. Fredrics as an individual having discoverable information. [Doc. 28, pg. 14]. However, she does not identify Mr. Fredrics as an expert in her Rule 26 disclosures

and never supplemented her disclosures. [Doc. 28, pg. 15]. Plaintiff only disclosed

Mr. Fredrics as an expert and provided a copy of his report on December 13, 2021,

over three months after discovery closed on September 27, 2021. [Doc. 46]. The

Fredrics Declaration does not meet the formal requirements of Fed. R. Civ. P.

26(a)(2) and substantially harms Charter Oak because Charter Oak was unable to

depose and cross-examine Mr. Fredrics regarding his 15-page report during the

course of discovery.

Further, the Fredrics Declaration contains inadmissible hearsay statements,

seeks to opine regarding matters outside the scope of Mr. Fredrics' personal

knowledge, and constitutes an undisclosed expert opinion regarding the question of

causation and insurance claims handling. For these reasons, the Fredrics

Declaration must be stricken from the record and should not be considered by this

Court in connection with Charter Oak's Motion for Summary Judgment.

## ARGUMENT AND CITATION TO AUTHORITY

I.    **Plaintiff Did Not Disclose Bruce Fredrics as an Expert During the Course of Discovery; and therefore, the Fredrics Declaration Must Be Stricken**

This Court's local rules require disclosure of experts before the expiration of

the discovery period. Local Rule 26.2(C) states:

Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Thus, "[i]n this circuit, if a party fails to disclose and identify an expert witness during discovery, the district court may exclude that expert's affidavit." *Tishcon Corp. v. Soundview Communications, Inc*., 2005 WL 6038743 (N.D. Ga. 2005). "Disclosure of expert testimony within the meaning of the rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor." *SEC v. Price*, 2015 WL 11198937 at *13 (N.D. Ga. 2015) (striking affidavit of expert included with a response to aa summary judgment motion where expert opinions were not disclosed during discovery period); *see also St. Claire Townhome Assn., Inc. v. D.R. Horton, Inc*., 2009 WL 10183621 (N.D. Ga. 2009) (denying motion to reconsider striking late-disclosed expert).

A party who intends to present the testimony of an expert who is retained or specially employed to provide expert testimony must provide a report that contains:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"Disclosure for an expert who will testify at trial is not fully complete until a report has been filed for that expert." *Barbara Bufford v. TGM Ashley Lakes, Inc*., 2009 WL 10665520 at *3 (N.D. Ga. 2009) (excluding testimony of expert where report was not disclosed before the close of discovery and opposing party did not have the opportunity to depose the expert during the discovery period). A party that fails to provide the information required by Rule 26 may be precluded from the use of that information or witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1).

The Eleventh Circuit Court of Appeals and the Northern District of Georgia have strictly enforced L.R. 26.2 (C) and have held that a party's failure to comply with the rule will preclude that party from introducing expert testimony. *See Reese*

*v. Herbert*, 527 F.3d 1253, 1264-66 (11th Cir. 2008) (affirming district court's exclusion of expert who was disclosed twelve days prior to the close of discovery and the expert's affidavit was produced after the close of discovery); *Western Union Holding, Inc. v. Eastern Union, Inc*., 316 Fed. Appx. 850, 854 (11th Cir. 2008) (affirming the district court's exclusion of an expert disclosed after the close of discovery); *The Lamar Co., LLC v. City of Marietta, Ga*., 538 F. Supp. 2d 1366, 1377-79 (N.D. Ga. 2008) (excluding defendant's expert who was disclosed eleven days after the close of discovery).

Exclusion of experts for failure to timely disclose opinions can result in summary judgment. *Harper v. Overhead Door Corp*., 2009 WL 10666360 (N.D. Ga. 2009). In *Harper*, a products liability case, the plaintiff alleged that he was injured when he stepped out of a revolving door. *Id*. at *1. The plaintiff did not disclose his treating physicians as expert witnesses during the discovery period. *Id*. at *2. The court granted the defendant's motion to exclude the testimony of the treating physicians regarding causation of the claimed injuries, reasoning that the physicians' opinions with respect to causation were properly categorized as expert opinions subject to Fed. R. Civ. P. 26(2)(D) and Local Rule 26.2. *Id*. at *3-5, 8. Without evidence of proximate causation, an essential element of a products

liability claim, the court entered summary judgment in favor of defendant. *Id*. at *9-12.

Plaintiff did not disclose Mr. Fredrics as an expert witness during discovery. As noted above, Plaintiff's Rule 26 Disclosures regarding the disclosure of experts, Plaintiff states, "None hired to date for trial" and reserves the right to supplement her response. [Doc. 28, pg. 15]. Plaintiff never supplemented her Rule 26 disclosures. Rule 26(e) requires a party to supplement its expert disclosures upon discovery of an omission. *Ernestine Mitchell v. Ford Motor Co*., 318 Fed. Appx. 821, 824 (11th Cir. 2009) (failure to supplement Rule 26 disclosures upon discovery that such disclosures were insufficient warranted expert's exclusion from trial).

Discovery expired on September 27, 2021 without Plaintiff disclosing to Charter Oak that Mr. Fredrics would be offering an expert opinion in this case. [Doc. 46]. Indeed, Plaintiff did not disclose the 15-page Fredrics Declaration until December 13, 2021, over three months after the close of disclosure and as an attachment to Plaintiff's response to Charter Oak's Motion for Summary Judgment. The notary block on the Fredrics Declaration is dated October 21, 2021. Therefore, the document was not even created until after the close of discovery in

this case. This untimely disclosure violates Local Rule 26.2(C) and does not

contain the requisite materials required by Fed. R. Civ. P. 26(a)(2)(B). While the

Fredrics Declaration indicates that various materials are "attached", including a CV

and list of cases in which Mr. Fredrics has testified, no such materials are attached

to the document. Charter Oak is substantially harmed by Plaintiff's tardy

disclosure of Mr. Fredrics as an expert and from the tardy disclosure of his

opinions because Charter Oak did not have the opportunity to review the Fredrics

Declaration during discovery, has not had the opportunity to review the materials

required by Fed. R. Civ. P. 26(a)(2)(B), has not had the opportunity to cross-

examine Mr. Fredrics regarding his report, and only learned of Mr. Fredrics

opinion and involvement as an expert when the document was submitted in

response to Charter Oak's Motion for Summary Judgment.

    Mr. Fredrics refers to his own opinion as an "expert report" and seeks,

among other things, to provide testimony regarding what constitutes "bad faith"

claims handling, the cost of repairs, and what caused the underlying damage which

forms the basis of Plaintiff's Complaint. Thus, Mr. Fredrics seeks to offer an

opinion "based on scientific, technical, or other specialized knowledge within the

scope of Rule 702." Fed. R. Evidence 701(c). This court has specifically held an

opinion regarding the costs of repairing damaged property and the proper method for insurance claim handling are "specialized, technical issues under Rule 702". See *Armstead v. Allstate Property & Casualty Ins. Co*., 2016 WL 4169222 at *2-3 (N. D. Ga. 2016) (excluding Bruce Fredrics from testifying as an expert where he was not timely disclosed as an expert and sought to give testimony regarding the proper method of repairs and proper insurance claim handling methods).

"Federal Rule of Evidence 701 was amended in 2000 specifically to address the issue presented here, namely, 'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" Fed. R. Evid. 701, Advisory Comm. Notes, 2000 Amendments; *Tishcon Corp*., 2005 WL 6038743 at *1. "As the 11th Circuit has previously held, "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with Rule 26 is not merely aspirational." *Western Union Holding, Inc. v. Eastern Union, Inc*., 316 Fed. Appx. at 854.

In the case at bar, Plaintiff should not be permitted to benefit from utilizing surprise expert witnesses and surprise expert opinions. Therefore, the Fredrics

Declaration must be stricken in its entirety and should not be considered in this Court's assessment of Charter Oak's Motion for Summary Judgment.

## II. The Fredrics Declaration Fails to Conform to Rule 56 of the Federal Rules of Civil Procedure, and Must Be Stricken

Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Inadmissible evidence, including conclusory arguments (as opposed to statements of fact), statements not based upon personal knowledge, and hearsay, are subject to a motion to strike. *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030-32 (M.D. Fla. 2000). If such a submission "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" due to the failure to comply with Rule 56(c), the Court may disregard the affidavit and consider facts "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). As discussed herein, the Fredrics Declaration fails to meet the qualification of Rule 56 because it is not based upon Mr. Fredrics' personal knowledge and contains inadmissible hearsay.

The Fredrics Declaration must be stricken because it exceeds the scope of his own personal knowledge. For instance, Mr. Fredrics seeks opine as to Plaintiff's understanding of her relationship with him ("The insured first appointed me as her independent Appraiser . . ."). [Doc. 63-5, pg. 7]. The Fredrics Declaration also seeks to opine as to what counsel for Charter Oak knows or does not know ("[Charter Oak's] counsel know this fact . . ."). [Doc. 63-5, pg. 7]. Mr. Fredrics also seeks to opine as to Charter Oak's state of mind and intent ("I feel that in the Charter's effort to defeat this claim that the Charter has deliberately misidentified me in order to mislead others into discounting my expert opinions.") [Doc. 63-5, pg. 8]. Mr. Fredrics also makes numerous legal arguments throughout his Declarations, while at the same time admitting that he "is not a lawyer." [Doc. 63-5, pgs. 8, 10, 11, 12, 13, 15]. Mr. Fredrics cannot provide opinions about topics that exceed the scope of his own personal knowledge; and therefore, the Fredrics Declaration must be stricken.

The Fredrics Declaration also contains inadmissible hearsay, seeks to incorporate and dispute the opinions of others, and must be stricken under Rule 801(c) of the Federal Rules of Evidence. [Doc. 63-5]. "Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter

asserted." *Funderburk v. Fannie Mae*, 654 Fed. Appx. 476, 477 (11th Cir. 2016)

(citing Fed. R. Evid. 801(c)). For example, the Fredrics Declaration provides:

> 13)    In consultation with the policyholder's expert, Profession (sic)
> Engineer, Mr. David Hawkins, P.E., I agree with his assessment in
> (sic) entirety including that the Charter's assigned Industrial
> Hygienist did not properly evaluate the loss and damage and opined
> in matters not within his expertise.
> . . . .
> 17)    Contrarily, I am an expert, and David Hawkins is an expert,
> and we both agree with each other, while we disagree with Charter's
> hygienist.
> . . . .
> 19)    . . . Mr. Brown[1] is a Contractor, an Industrial Hygienist, and a
> water and mold certified remediator who has previously testified in
> federal court. He also agrees with Mr. Hawkins and me, and he
> disagrees with Charter's hygienist.
> . . . .
> 23)    The Plaintiff is _not_ claiming any "prior" rot for indemnity
> compensation. This allegation by Charter is only a "red herring" in
> an attempt to justify its illicit denial.
> 24)    Charter has opined that he policyholders damage was not
> hidden or unknown. . .
> . . . .
> 26)    This, in my expert opinion, having discussed these issues with
> the plaintiff and her experts, David Hawkins, PE, and Dexter Brown,
> Industrial Hygienist and licensed contractor in the State of Georgia,
> the damages in this case were caused by the two burst pipes . . .

---

[1]    Notably, Dexter Brown has not been identified by Plaintiff as an expert in
this case.

[Doc. 63-5, pgs. 7-15]. Throughout the 15-page report, Mr. Fredrics attempts to incorporate out-of-court statements of others by making passing reference to them and attempting to incorporate them into his own opinions or discredit them. When an affidavit or declaration is based on inadmissible hearsay, the Federal Rules instruct courts to disregard the hearsay statements for purposes of ruling on a pending motion Fed. R. Civ. P. 56(c)(4) (emphasis added). *High Five Investments, LLC v. Floyd County, Ga.*, No. 4:06-CV-0190-HLM, 2008 WL 11417398, at *3 (N.D. Ga. Mar. 14, 2008). Because of the pervasive and extensive hearsay statements that are incorporated into the Fredrics Declaration, this document must be stricken in its entirety and disregarded for purposes of ruling on Charter Oak's Motion for Summary Judgment.

## <u>CONCLUSION</u>

For the reasons stated herein, the Fredrics Declaration [Doc. 63-5] should be stricken in its entirety and disregarded for purposes of ruling on Charter Oak's Motion for Summary Judgment.

Respectfully submitted this 13th day of January, 2022.

DREW, ECKL & FARNHAM, LLP

/s/ Karen K. Karabinos
Karen K. Karabinos
Georgia Bar No. 423906
kkarabinos@deflaw.com


/s/ Mary Alice L. Jasperse
Mary Alice L. Jasperse
Georgia Bar No. 971077
jaspersem@deflaw.com

303 Peachtree Street NE
Suite 3500                              *Counsel for Charter Oak*
Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992


Counsel for Defendant certifies that this pleading complies with Local Rule 5.1.
The type is Times New Roman, 14 point.

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this date served a copy of

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**

**MOTION TO STRIKE RULE 1746 DECLARATION OF BRUCE**

**FREDRICS [Doc. 63-5]** on Plaintiff, by filing it electronically with the Clerk of

Court which will send automatic notification of such filing to the below registered

counsel electronically:

Alexander Gray Hait                        Ralph J. Villani
North Metro Litigators                     Villani Law Firm
185 Stockwood Drive, Suite 100             821 Dawsonville Hwy, Suite 250-333
Woodstock, GA 30188                        Gainesville, GA 30501-2634

This 13th day of January, 2022.

DREW, ECKL & FARNHAM, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906
kkarabinos@deflaw.com

*/s/ Mary Alice L. Jasperse*
Mary Alice L. Jasperse
Georgia Bar No. 971077
jaspersem@deflaw.com

303 Peachtree Street NE
Suite 3500                                 *Counsel for Charter Oak*

Atlanta, GA  30308
Phone: (404) 885-1400
Fax: (404) 876-0992